UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LEE GILMORE, #658733,

        Petitioner,

v.

                                       CASE NO. 16-CV-14512
                                       HON. GEORGE CARAM STEEH

DEWAYNE BURTON,

        Respondent.

_____/

## ORDER DENYING MOTION TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.

Michigan prisoner Joseph Lee Gilmore ("petitioner") asserts that he is

being held in violation of his constitutional rights.  The petitioner was

convicted of two counts of armed robbery, MICH. COMP. LAWS §  750.529,

first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), three counts

of unlawful imprisonment, MICH. COMP. LAWS § 750.349b, felon in

possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of

a firearm during the commission of a felony (felony firearm), second

offense, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne

County Circuit Court.  He was sentenced, as a fourth habitual offender,

MICH. COMP. LAWS § 769.12, to concurrent terms of 22 ½ years to 62 ½ years imprisonment on the armed robbery convictions, a concurrent term of 9 years 2 months to 20 years imprisonment on the home invasion conviction, concurrent terms of 5 years 10 months to 15 years imprisonment on the unlawful imprisonment convictions, a concurrent term of 2 ½ to 5 years imprisonment on the felon in possession conviction, and a consecutive term of five years imprisonment on the felony firearm conviction in 2013. In his current petition, he raises claims concerning the denial of an adjournment request, the effectiveness of trial and appellate counsel, and the conduct of the prosecutor. The respondent has not yet filed an answer to the petition, but that answer is due on July 10, 2017. The matter is before the Court on the petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he may return to the state courts and exhaust additional issues concerning the effectiveness of trial and appellate counsel. For the reasons that follow, the Court denies the petitioner's motion.

## II.

Following his convictions and sentencing, the petitioner filed an appeal of right with the Michigan Court of Appeals raising several claims,

including claims contained in his current petition.  The Michigan Court of
Appeals affirmed his convictions and sentences.  <u>People v. Gilmore</u>, No.
318592, 2015 WL 558292 (Mich. Ct. App. Feb. 10, 2015) (unpublished).
The petitioner filed an application for leave to appeal with the Michigan
Supreme Court, which was denied.  <u>People v. Gilmore</u>, 498 Mich. 957, 872
N.W.2d 495 (Dec. 23, 2015).  The petitioner submitted his federal habeas
petition to prison officials for mailing on December 21, 2016.  The instant
motion was mailed on February 17, 2017.

## III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C.
§2254 must first exhaust all state remedies.  <u>See</u> <u>O'Sullivan v. Boerckel</u>,
526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one
full fair opportunity to resolve any constitutional issues by invoking one
complete round of the State's established appellate review process"); <u>Rust</u>
<u>v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy this requirement, the
claims must be "fairly presented" to the state courts, meaning that the
prisoner must have asserted both the factual and legal bases for the claims
in the state courts.  <u>McMeans v. Brigano</u>, 228 F.3d 674, 681 (6th Cir.
2000); <u>see also</u> <u>Williams v. Anderson</u>, 460 F.3d 789, 806 (6th Cir. 2006)

(citing McMeans).  The claims must also be presented to the state courts as federal constitutional issues.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).  While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review.  Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987).  The burden is on the petitioner to prove exhaustion.  Rust, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition.  Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state

remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." Id. at 277.

The petitioner has not shown the need for a stay. His current habeas claims appear to be exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), will preclude review. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, see Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); Lawrence v. Florida, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on December 23, 2015 and the time for seeking a writ of certiorari with the United States Supreme Court expired on March 22, 2016. The petitioner submitted his federal habeas petition to prison officials for mailing on December 21, 2016. Thus, only nine months of the one-year period had expired when the petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, see Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or

other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled.  See, e.g., Johnson v. Warren, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts.  See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-221 (2002).  Given that three months of the one-year period remains, the petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay and the petitioner's new claims do not appear to be plainly meritless, the petitioner has not shown good cause for failing to exhaust his additional issues in the state courts before seeking federal habeas review.  The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse the petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court.  The lack of a legal education, ignorance of the law, and/or the lack of legal assistance do not constitute good cause for the failure to exhaust state remedies.  See Allen v. Yukins,

366 F.3d 396, 403 (6th Cir. 2004); Kint v. Burt, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007).  Given such circumstances, a stay is unwarranted.

## IV.

Accordingly, the Court **DENIES** the petitioner's motion to stay the proceedings and hold his habeas petition in abeyance.  Should the petitioner wish to have the Court dismiss the present petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order.  If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**IT IS SO ORDERED.**

Dated:  March 29, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 29, 2017, by electronic and/or ordinary mail and also on Joseph Gilmore #658733, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk