UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LEE GILMORE, #658733,

    Petitioner,

v.                           CASE NO. 16-CV-14512
                               HON. GEORGE CARAM STEEH

DEWAYNE BURTON,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITIONER'S SECOND MOTION TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE, DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Joseph Lee Gilmore ("petitioner") asserts that he is being held in violation of his constitutional rights. The petitioner was convicted of two counts of armed robbery, MICH. COMP. LAWS § 750.529, first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), three counts of unlawful imprisonment, MICH. COMP. LAWS § 750.349b, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the

commission of a felony (felony firearm), second offense, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court. He was sentenced, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 22 ½ years to 62 ½ years imprisonment on the armed robbery convictions, a concurrent term of 9 years 2 months to 20 years imprisonment on the home invasion conviction, concurrent terms of 5 years 10 months to 15 years imprisonment on the unlawful imprisonment convictions, a concurrent term of 2 ½ to 5 years imprisonment on the felon in possession conviction, and a consecutive term of five years imprisonment on the felony firearm conviction in 2013. In his current petition, he raises claims concerning the denial of an adjournment request, the effectiveness of trial and appellate counsel, and the conduct of the prosecutor. The respondent has not yet filed an answer to the habeas petition, but that answer is due on July 10, 2017.

The matter is before the Court on the petitioner's second motion to stay the proceedings and hold his habeas petition in abeyance so that he may exhaust additional issues concerning the effectiveness of trial and appellate counsel in the state courts. The Court denied the petitioner's first stay and abeyance motion finding that his current habeas claims were exhausted, that

the one-year statute of limitations did not pose a concern because three months of the one-year period remained, and that he had not shown good cause for failing to exhaust his new issues in the state courts before proceeding on habeas review in federal court. In his second motion, the petitioner states that he has now submitted a motion for relief from judgment with the state trial court raising his additional ineffective assistance of trial and appellate counsel claims and again requests that the Court stay the proceedings and hold his petition in abeyance. For the set forth herein, the Court denies the stay and abeyance request and instead dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be

"fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

In this case, the petitioner has exhausted his current habeas claims on direct appeal in the state courts, but he now informs the Court that he has additional, potential habeas claims pending on collateral review in the state trial court. He further indicates that he intends to pursue appellate review of

those claims in the state courts as necessary. The petitioner again seeks a stay and abeyance of his federal habeas case. Such action is unwarranted under the circumstances of this case.

First, it is inappropriate for the petitioner to challenge the same criminal convictions and sentences in state court and federal court at the same time. The petitioner must complete the state court process on his pending claims before seeking habeas relief in federal court. Witzke v. Bell, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); Harris v. Prelisnik, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of the petitioner's claims before he can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

While the petitioner's pending state court motion for relief from judgment does not appear to concern his current, exhausted habeas claims, that

proceeding may result in the reversal of his convictions on another ground, thereby mooting the federal questions presented. See Humphrey v. Scutt, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983), and Woods v. Gilmore, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); Szymanski v. Martin, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). A non-prejudicial dismissal of the petition, rather than a stay of the proceedings, is ordinarily warranted under such circumstances.

Moreover, as explained in the Court's opinion denying the petitioner's first stay and abeyance motion, a stay is unnecessary in this case. A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly

meritless." Id. at 277. In Rhines, the Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. Id. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Thus, stay and abeyance is generally reserved for those cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. See Moss v. Hofbauer, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

The petitioner fails to show the need for a stay. His current habeas claims are exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), will preclude review. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, see Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); Lawrence v. Florida, 549 U.S. 327, 333

(2007). The Michigan Supreme Court denied leave to appeal on December 23, 2015 and the time for seeking a writ of certiorari with the United States Supreme Court expired on March 22, 2016. The petitioner submitted his federal habeas petition to prison officials for mailing on December 21, 2016. Thus, only nine months of the one-year period had expired when the petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, see Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. See, e.g., Johnson v. Warren, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-221 (2002). Given that three months of the one-year period remains, the petitioner has sufficient time to exhaust his additional issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay and the petitioner's new claims do not appear to be plainly meritless, the petitioner has

not shown good cause for failing to exhaust his additional issues in the state courts before seeking federal habeas review. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse the petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court on habeas review. The lack of a legal education, ignorance of the law, and/or the lack of legal assistance do not constitute good cause for the failure to exhaust state remedies. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004); Kint v. Burt, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal is appropriate.

### III. Conclusion

For the reasons stated, the Court concludes that the petitioner has a matter pending in the state courts concerning the convictions and sentences at issue in this case and that a stay is unwarranted. Accordingly, the Court **DENIES** the petitioner's motion to stay the proceedings and hold the petition in abeyance and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of the petitioner's claims.

Before the petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.

Dated: May 15, 2017

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 15, 2017, by electronic and/or ordinary mail and also on Joseph Gilmore #658733, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

s/Barbara Radke
Deputy Clerk